## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                 **Case No. 03-20172-01-JWL**
                                                          **16-2436-JWL**

**Donald M. Hayes,**

      **Defendant.**

### ORDER

In April 2004, defendant Donald M. Hayes entered a plea of guilty to being a felon in possession of ammunition and possessing with intent to distribute crack cocaine. Mr. Hayes was classified as a career offender under § 4B1.1 of the guidelines and was ultimately sentenced to a controlling term of 151 months imprisonment.

In June 2016, Mr. Hayes filed a § 2255 petition based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), asserting that his underlying state convictions for burglary no longer qualify as "crimes of violence" for purposes of the career offender guideline. In September 2016, the court stayed all proceedings relating to Mr. Hayes' petition pending the Supreme Court's decision in *Beckles*. In that order, the court indicated that it would lift the stay upon issuance of the *Beckles* decision and it directed the government to file a response to Mr. Hayes' petition within 30 days of the *Beckles* opinion.

On March 7, 2017, one day after the Supreme Court issued its opinion in *Beckles*, the court lifted the stay in this case and vacated its prior order directing the government to file a

response to Mr. Hayes' petition. The court stated that it would determine how to proceed with respect to Mr. Hayes' petition after the time for rehearing passed in the *Beckles* case.

The time for rehearing has now passed and, in light of *Beckles*, Mr. Hayes' petition must be dismissed as untimely. In *Beckles*, the Supreme Court held that the void-for-vagueness holding in *Johnson* does not apply to the Sentencing Guidelines. *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *6-7 (U.S. Mar. 6, 2017). Because the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Mr. Hayes' claim, Mr. Hayes may not rely on *Johnson* to provide a new statute of limitations under § 2255(f)(3). His petition, then, is dismissed.

For the foregoing reasons, Mr. Hayes' § 2255 petition is barred by the statute of limitations and must be dismissed as untimely. Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear after *Beckles* that Mr. Hayes' petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hayes' motion to vacate under 28 U.S.C. § 2255 (doc. 56) is dismissed and the court denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2017, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge