IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                            Case No. 03-20172-01-JWL
                                                                            16-2436-JWL

**Donald M. Hayes,**

      **Defendant.**

## MEMORADUM & ORDER

In April 2004, defendant Donald M. Hayes entered a plea of guilty to being a felon in possession of ammunition and possessing with intent to distribute crack cocaine. Mr. Hayes was classified as a career offender under § 4B1.1 of the guidelines and was ultimately sentenced to a controlling term of 151 months imprisonment.

In June 2016, Mr. Hayes filed a § 2255 petition based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), asserting that his underlying state convictions for burglary no longer qualify as "crimes of violence" for purposes of the career offender guideline. On April 3, 2017, the court dismissed Mr. Hayes' petition as untimely. As explained by the court, because the Supreme Court in Beckles essentially held that the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to claims like Mr. Hayes' claim, Mr. Hayes may not rely on *Johnson* to provide a new statute of limitations under § 2255(f)(3).

On April 5, 2017, this court received from Mr. Hayes a motion to amend his § 2255 petition in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). The record reflects that Mr. Hayes sent this motion to the court before he received the

court's order dismissing his petition. Nonetheless, because the court has dismissed Mr. Hayes' petition such that there is no petition to amend, the motion is moot. Moreover, the court notes that Mr. Hayes would not benefit from the *Mathis* decision in any event because *Mathis* did not announce a new rule. Accordingly, Mr. Hayes may not rely on *Mathis* to revive the statute of limitations under § 2255(f)(3). In other words, any § 2255 petition filed by Mr. Hayes on the basis of *Mathis* would be untimely. *United States v. Taylor*, ___ Fed. Appx. ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (defendant could not rely on *Mathis* in a § 2255 petition filed nearly fifteen years after judgment in criminal case because *Mathis* did not announce a new rule for purposes of § 2255(f)(3)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hayes' motion to amend his 2255 petition (doc. 85) is moot.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge